**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SEVEN COUNTIES SERVICES, INC. | ) | CASE NO. 13-31442(1)(11) |
| | ) | |
| Debtor | ) | |
| | ) | |
| KENTUCKY EMPLOYEES RETIREMENT SYSTEM | ) | AP No. 13-03019 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SEVEN COUNTIES SERVICES, INC. | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM OPINION

This matter is before the Court on the Motion of Defendant Seven Counties Services, Inc. ("SCS") to Dismiss Complaint. The Court considered the Motion to Dismiss, the Objection of Plaintiff Kentucky Employees Retirement System ("KERS") to Motion to Dismiss Complaint, the Reply of SCS and the arguments of counsel made at the hearing on the matter. For the following reasons, the Court will **DENY** the Motion to Dismiss.

## PROCEDURAL AND FACTUAL BACKGROUND

On April 4, 2013, Plaintiff/Debtor SCS filed its Voluntary Petition seeking relief under Chapter 11 of the United States Bankruptcy Code.

On April 5, 2013, SCS filed a Motion for Approval of Debtor's Rejection of a Potentially Executory Contract with KERS ("Motion to Reject").

On April 8, 2013, SCS filed a Motion to Authorize Final Payments to KERS in the Ordinary Course of Business.

On April 29, 2013, SCS initiated AP No. 13-03014 seeking declaratory relief against KERS and the Board of Trustees of the Kentucky Retirement Systems ("KRS").

Also on April 29, 2013, KERS and KRS filed an Emergency Motion to Compel Debtor to Make Ongoing Statutorily Required Payments of Employer and Employee Contributions ("Motion to Compel"). The Court scheduled the Motion to Compel for an expedited hearing for May 7, 2013.

On May 6, 2013, KERS and KRS filed a Motion to Dismiss Chapter 11 Bankruptcy Case of SCS on the basis that SCS is not eligible to be a Debtor under Chapter 11 of the United States Bankruptcy Code.

On May 7, 2013, the Court held a status conference and expedited hearing in the main case on KERS and KRS' Motion to Compel and a preliminary hearing on SCS' Motion to Reject. The Court issued an Order denying the Motion to Compel without prejudice subject to KERS and KRS' right to bring its request by way of adversary proceeding. KRS and KERS' Motion to Dismiss the Chapter 11 case was held in abeyance for a period of sixty days and KERS and KRS were given to and including June 10, 2013 to respond to the Complaint of SCS in AP No. 13-3014 and to file any additional claims by way of counterclaim or to initiate a new adversary proceeding, if they so chose.

On June 10, 2013, KERS filed its Complaint herein against SCS. The Complaint contains three counts for relief. Count I seeks a declaratory judgment that SCS is a "governmental unit" under 11 U.S.C. §101(27). Count II seeks an order dismissing SCS' Chapter 11 bankruptcy because governmental units are not eligible to be debtors under Chapter 11 of the United States Bankruptcy

Code. Count III seeks injunctive relief to compel SCS to continue making statutorily required reports and employer and employee contributions into KERS.[1]

## **LEGAL ANALYSIS**

SCS seeks dismissal of KERS' Complaint pursuant to Fed. R. Civ. P. 12(b)(6), made applicable herein by Fed. R. Bankr. P. 7012, for failure to state a claim upon which relief can be granted. Such a motion challenges the legal theory of the Complaint, not the sufficiency of the evidence which may be discovered. *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993). A complaint survives a Rule 12(b)(6) motion if the factual allegations of the complaint are enough to raise a right to relief above the speculation level. This is based on the assumption that all of the allegations of the complaint are true, even if doubtful in fact. *Bell Atlantic Twombly*, 550 U.S. 544, 555 (2007). The complaint need only provide enough facts to "state a claim to relief that is plausible on its face." *Id.* at 570. In ruling on a 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, the allegations of the complaint must be accepted as true, and all reasonable inferences must be drawn in favor of the plaintiff. *In re Travel Agent Com'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009). To survive a motion to dismiss the complaint must contain either direct or inferential allegations respecting all material elements to sustain recovery under some viable legal theory. *Eidson v. State of Tennessee Dept. of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). The Court reviewed the

---

[1] Count III is no longer in issue since the Court ruled, following an evidentiary hearing, that KERS is not entitled to relief under Count III and the request for a preliminary injunction was denied.

Complaint of KERS and the Motion to Dismiss of SCS and the Objection thereto of KERS in light of the above standards.  For the following reasons, the Court will deny the Motion to Dismiss.

In Count I, KERS seeks a declaratory judgment that SCS is a "governmental unit".  Count II seeks an order dismissing the Chapter 11 case because a governmental unit is not eligible to be a debtor under Chapter 11.  The determination as to whether SCS is a governmental unit will necessarily determine whether SCS is entitled to seek relief under Chapter 11 of the United States Bankruptcy Code.

In its Motion to Dismiss, SCS seeks a determination by the Court, that SCS is not a governmental unit as a matter of law.  In the recent evidentiary hearing on KERS' Motion for Preliminary Injunction, the Court ruled that KERS had failed to establish that SCS is a governmental unit for purposes of the preliminary injunction hearing.  KERS did not meet its burden of proof required for the imposition of the injunction.  The Court specifically stated that under Fed. R. Civ. P. 65, made applicable herein by Fed. R. Bankr. P. 7065, evidence received on the Motion for Preliminary Injunction was preserved for trial and need not be repeated at trial.  The Court did not consolidate that hearing with the trial on the merits, but evidence submitted at that hearing is part of the record.  The record, however, as it stands now, is not complete.  The issue before the Court now is whether SCS is a governmental unit pursuant to 11 U.S.C. §101(27).  The Complaint adequately states a claim for dismissal of the Chapter 11 case, when the allegations are construed in a light most favorable to KERS.

The determination as to whether SCS is or is not a "governmental unit" for purposes of 11 U.S.C. §101, is clearly a fact intensive one that is not ripe for adjudication on a motion to dismiss.  Under 11 U.S.C. §101(27), the term "governmental unit" means

> United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States . . . a State, a Commonwealth, a District, a Territory, a municipality or a foreign state; or other domestic government.

Both SCS and KERS rely, in part, on the three part test of *In re Las Vegas Monorail*, 429 B.R. 770, 795 (Bankr. D. Nev. 2010), in determining whether an entity is a governmental unit for purposes of eligibility to be a debtor under Chapter 11.  *See*, SCS' Motion to Dismiss at 7 and Complaint of KERS at Par. 183.  Under *Las Vegas Monorail*, the movant contended the debtor, LVMC, was ineligible to file a Chapter 11 case because it was not a "person", but rather a "governmental unit" pursuant to 11 U.S.C. §101(41).  If the court found LVMC to be a "governmental unit", it would not be eligible to be a Chapter 11 debtor and the case would be dismissed.

The *Las Vegas Monorail* Court's analysis required it to examine the definition of "governmental unit" within 11 U.S.C. §101(27), which in turn led to examination of the term "instrumentality of . . . a State."  The Court undertook an exhaustive analysis of congressional intent in enacting the statute and ultimately decided that LVMC, a nonprofit corporation, did not qualify as a instrumentality of the State of Nevada and was, therefore, not rendered ineligible for Chapter 11 relief.  This conclusion was based on a number of fact determinations, including that the debtor did not have traditional governmental powers such as taxation, eminent domain, or sovereign immunity, that the debtor did not rely on the public fisc to support its operations, and the State's lack of control over the debtor's operations.  These determinations were made after "extensive briefing and an evidentiary hearing . . . " *Id.* at 774.

The Court finds that the Complaint herein passes muster under Rule 12(b)(6).  The factual allegations of Counts I and II, when accepted as true and viewed in a light most favorable to KERS, state a claim for relief that is plausible on its face.  It plainly asserts a claim for dismissal of the

Chapter 11 case on the basis that SCS is a governmental unit and therefore not eligible for Chapter 11 relief.  These matters must be further developed and decided at a trial on the merits.

SCS cites prior case law involving SCS' predecessor, River Region, *In re River Region Mental Health-Mental Retardation Board, Inc.*, Case No. 78-00193-L (Bankr. W.D. Ky., Jan. 8, 1980), and *Kentucky River Community Care, Inc. v. N.L.R.B.*, 193 F.3d 444, 452 (6th Cir. 1999), in support of its position that SCS is eligible for Chapter 11 relief.  These decisions, however, were not determined on motions to dismiss, but rather on factual determinations regarding the nature of the entities and their relationships with the Commonwealth and its governmental agencies.  The Court cannot make the factual determinations needed to conclude, as a matter of law, that SCS is not a governmental unit and is therefore eligible for Chapter 11 relief, at this stage of the proceeding.  Accordingly, the Motion to Dismiss of SCS must be **DENIED**.

## CONCLUSION

For all of the above reasons, the Motion to Dismiss Complaint of Defendant Seven Counties Services, Inc., is **DENIED**.  An Order incorporating the findings herein accompanies this Memorandum Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: November 8, 2013

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SEVEN COUNTIES SERVICES, INC. ) | CASE NO. 13-31442(1)(11) |
| ) | |
| Debtor ) | |
| ) | |
| KENTUCKY EMPLOYEES RETIREMENT ) | AP No. 13-03019 |
| SYSTEM ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| SEVEN COUNTIES SERVICES, INC. ) | |
| ) | |
| Defendants ) | |

## ORDER

Pursuant to the Memorandum Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss Complaint of Seven Counties Services, Inc., be and hereby is, **DENIED.**

Joan A. Lloyd
United States Bankruptcy Judge
Dated: November 8, 2013