**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SEVEN COUNTIES SERVICES, INC. | ) | CASE NO. 13-31442(1)(11) |
| | ) | |
| Debtor | ) | |
| | ) | |
| KENTUCKY EMPLOYEES RETIREMENT SYSTEM | ) | AP No. 13-03019 |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SEVEN COUNTIES SERVICES, INC. | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM-OPINION-ORDER**

This matter came before the Court for trial in accordance with: (1) the Opinion of the United States Court of Appeals for the Sixth Circuit captioned *Kentucky Employees Retirement System v. Seven Counties Services, Inc.*, 823 F. App'x 300 (6th Cir. July 20, 2020) [ECF No. 201 in this adversary proceeding]; (ii) the mandate from the Sixth Circuit entered September 22, 2020 [ECF No. 48, Case No. 3:15-cv-00025-DJH]; (iii) the Order from the District Court entered October 6, 2020 [ECF No. 202 in this adversary proceeding]; and (iv) the Order from the District Court entered August 27, 2021 [ECF No. 46, Case No. 3:15-cv-0075-DJH]. The District Court instructed this Court to determine the amount that Seven Counties Services, Inc. ("Seven Counties") should be ordered to pay Kentucky Employees Retirement Systems ("KERS") for "creditable compensation" for the relevant time period, April 6, 2013 to February 5, 2015. The construction of this Court's

jurisdiction on this issue is in dispute.  Seven Counties believes the remand was for all purposes as

set forth by the Sixth Circuit in its July 20, 2020 Opinion.  KERS, however, believes the remand was

for the limited purpose discussed below.

The parties engaged in discovery and on July 23, 2021, KERS filed a Motion for Protective

Order Pursuant to Rule 26(c) to Limit the Topics of Discovery to the Issue on Remand from the

Sixth Circuit.  KERS requested an Order from this Court limiting discovery to the matters set forth

in the Sixth Circuit's Opinion, which stated:

> KERS requests that we order Seven Counties to pay it $30,323,775.31 for
> contribution obligations between April 6, 2013 and February 5, 2015.  It bases this
> figure on Seven Counties' annual payroll and the relevant contribution rates of 24%,
> 27% and 39% during the pendency of the bankruptcy proceedings. Without Seven
> Counties' reports regarding "creditable compensation" for the relevant period,
> however, we cannot check KERS's math.  We leave it to the bankruptcy court to
> determine the amount that Seven Counties should be ordered to pay after Seven
> Counties provides monthly employer reports to KERS for April 6, 2013 to February
> 5, 2015.

*Kentucky Employees Retirement System v. Seven Counties Services, Inc.*, 823 F. App'x. 300, 306

(6th Cir. 2020).

On August 27, 2021, Seven Counties filed its Objection to KERS' Motion for Protective

Order, in which Seven Counties contended that the remand by the Sixth Circuit was much broader

than stated by KERS.  Seven Counties claimed that questions of feasibility that are relevant to this

Court's "allowable administrative claim analysis," as well as other related issues, were now before

this Court, requiring broader discovery.

On September 10, 2021, KERS filed its Reply and cited two Memoranda and Orders issued

by the District Court on August 26, 2021 and August 30, 2021 in related adversary proceedings, in

which the District Court made clear that the Sixth Circuit had remanded the matter to this Court for

a very limited purpose.  Judge Hale stated:

> Seven Counties argues that the Sixth Circuit remanded the entire bankruptcy case to
> the bankruptcy court to decide how the Sixth Circuit's decision impacts the plan  (D.
> M. 38, Page ID #1528).  But the Sixth Circuit remanded the related proceeding [the
> current proceeding] to the bankruptcy court only to calculate how much "Seven
> Counties should be ordered to pay" to KERS for its contribution obligations.  *Ky.
> Emps. Ret. Sys.*, 823 F. App'x. at 306.  The Sixth Circuit did not remand the appeal
> of the order confirming the plan or decide whether the bankruptcy court committed
> reversible error by confirming the plan.  Id. at 306-07.

Order at 3 & 3-4 n. 1, *Ky. Emps. Ret. Sys   Seven C'ntys. Servs., Inc.*, 3:15-cv-75-DJH (W.D. Ky.

August 27, 2021), ECF No. 46, Case No. 3:15-cv-0075-DJH.

On October 26, 2021, this Court entered an Order granting KERS's Motion for a Protective

Order.  In that Order, the Court stated that since it did not have an Order from the District Court on

KERS' appeal of this Court's Order on the plan confirmation, or any other proposed plan, the

Protective Order would be entered.  Topics for discovery would be limited to the topics referenced

in the remand from the Sixth Circuit Opinion and the Order of the District Court to this Court to

determine the sums due to KERS from the Debtor after Seven Counties provides the monthly

employer reports to KERS for April 6, 2013 to February 5, 2015.  *See* ECF No. 249 in this adversary

proceeding.

On February 21, 2022, following discovery regarding provisions of the reports on employer

contributions that should have been paid to KERS during the pendency of the bankruptcy, Seven

Counties and KERS filed the Stipulation on Principal Amount of Unpaid Employer Contribution on

Remand from the Sixth Circuit (the "Stipulation") (ECF No. 281 in this adversary proceeding).  In

the Stipulation, the parties stipulated that the total amount of Unpaid Employer Contributions from

April 6, 2013 to February 5, 2015 is $21,072,139.22. Therefore, at the trial held on February 22, 2022, no evidence was presented on this issue based upon the Stipulation.

The Stipulation, however, contained many expressed reservation of rights by both parties on the issues, claims, and defenses including the following:

> (a) the implications of the determination of the principal amount of Unpaid Employer Contributions at issue on remand; (b) the right to address those matters to this Court at the trial on remand presently scheduled for February 22, 2022 pursuant to the Second Order for Trial (DKT No. 253); and (c) to take any appeal from a determination by this Court of the matter remanded, as referenced in the Order entered by the District Court in the pending appeal of the Order confirming Seven Counties' Plan, which is captioned *Kentucky Employees Retirement System, et al. v. Seven Counties Services, Inc.*, Case No. 3:15-cv-75-DJH (W.D. Ky.) (Hale, J.). Seven Counties asserts that the sole purpose of the proceedings scheduled for February 22, 2022 is for this Court to make factual determinations regarding the principal amount of the Unpaid Employer Contributions addressed by paragraphs 1 and 2 of this Stipulation. KERS, however, expressly disputes this position and reserves all of its rights related thereto.

*See* Stipulation, (ECF No. 281, at p. 4).

Additional expressed reservation of rights by the parties in the Stipulation were as follows: (a) KERS asserted entitlement to statutory interest on the principal amount of Unpaid Employer Contributions, pursuant to KRS § 61.675(3)(b); (b) KERS asserted entitlement to the entry of a final judgment by this Court in accordance with the Sixth Circuit Opinion, as set forth in the Motion of Plaintiff Kentucky Employees Retirement System for Entry of Final Judgment on Remand from the Sixth Circuit (ECF No. 270); (c) the characterization, priority, status, classification, and/or allowance of a claim for the principal amount of the Unpaid Employer Contributions; (d) the pending appeals of the order confirming Seven Counties' plan; and (e) any matter other than the determination of the principal amount of the Unpaid Employer Contribution. *See* Stipulation (ECF No. 281 at p. 5).

Due to the expressed reservation of rights of the parties in the Stipulation, as well as the mandate on remand by the Sixth Circuit and the Order of the District Court, this Court cannot enter a final judgment herein as requested by KERS in its Motion for Entry of Final Judgment on Remand from the Sixth Circuit (ECF No. 270).  The Court deems that KERS' request for a final judgment goes beyond the Sixth Circuit's mandate on remand.  Issues remaining to be determined include all matters referenced above in the expressed reservation of rights by the parties in the Stipulation.

For all of the above reasons,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amount of Unpaid Employer Contributions, pursuant to KRS 61.510 is $21,072,139.22, per the Stipulation of KERS and Seven Counties.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Motion of Plaintiff Kentucky Employees Retirement System for Entry of Final Judgment on Remand from the Sixth Circuit, be and hereby is, **DENIED**.